

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RALPH EDWARD MOORE, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:19-CV-156-Z-BR |
| KENDALL RICHERSON, *et al.*, | § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER
# DISMISSING CIVIL-RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint (ECF No. 3) brought under 42 U.S.C. § 1983, filed on July 25, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. ECF No. 8. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff asserts that on February 9, 2019, Defendant Hart was distributing food. *See* ECF No. 3 at 4. Plaintiff claims Defendants Tovar and Richerson gave Defendant Hart permission to "smash" Plaintiff's sandwich with his foot/boot to allow Plaintiff's food to pass through the cell door, thereby contaminating the food. *Id.* Plaintiff argues his smashed sandwich gave him food poisoning. *Id.* Plaintiff claims his TDCJ unit was on lockdown at the time of the incident. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

To satisfy food service-related constitutional requirements, a State must furnish prison inmates with reasonably adequate food. *George v. King*, 837 F.2d 705, 706–07 (5th Cir. 1988). When determining whether a deprivation of reasonably adequate food falls below the constitutional threshold, the Court examines "the amount and duration of the deprivation." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998). One episode of unintended food poisoning is insufficient to state a claim under Section 1983. *Id.* In *George*, the Fifth Circuit likened the prison food-poisoning incident to a single, mass incident of food poisoning that would occasionally be experienced in the military, other institutional settings and in the course of routine, daily life. *Id.* Constitutional violations are not established by pleading only discomforts associated with incarceration — such as those Plaintiff complains of here. *See Hyder v. Perez*, 85 F.3d 624, 624 (5th Cir. 1996) (per curiam). Plaintiff thus fails to state a colorable Section 1983 claim. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

June 21, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE